OPINION
On January 30, 1996, Nathan Klaiber was injured while on the property of Tuscarawas County Schools. Specifically, a number of students pinned Mr. Klaiber to the ground and repeatedly slapped his midsection. As a result, Mr. Klaiber incurred medical and/or hospital expenses in the amount of $1,456.75. At the time of the incident, Mr. Klaiber was insured as a dependant under his father's medical plan administered by appellant, Aultcare Corp. Appellant paid Mr. Klaiber's medical expenses.
On January 30, 1998, appellant filed a complaint against numerous students and appellees, the Tuscarawas Valley Local School District and athletic coach Theodore Majestic, for subrogation rights as a result of its payment of medical benefits on behalf of Mr. Klaiber. Said complaint was subsequently amended on February 4, 1998, May 5, 1998 and July 14, 1998. On July 20, 1998, appellees filed a motion to dismiss appellant's third amended complaint for failure to state a claim upon which relief may be granted. By judgment entry filed August 26, 1998, the trial court granted said motion and dismissed the causes of action against appellees with prejudice.
Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
I
 THE TRIAL COURT ERRED IN GRANTING APPELLEES' MOTION TO DISMISS WHERE THE POLITICAL SUBDIVISION TORT LIABILITY ACT RELIED UPON BY APPELLEES IN THEIR MOTION TO DISMISS IS PREEMPTED UNDER ERISA AND THEREFORE HAS NO APPLICATION TO THE CASE AT BAR.
 I
Appellant claims the trial court erred in dismissing its causes of action against appellees. We disagree.
In reviewing a judgment granting a Civ.R. 12(B)(6) motion, we must independently review the complaint to determine if dismissal was appropriate. Rich v. Erie Dept. of Human Resources (1995),106 Ohio App.3d 88. The Rich court at 91 discussed when a Civ.R. 12(B)(6) motion may be granted:
 In order for a court to dismiss a complaint for failure to state a claim upon which relief may be granted, it must appear beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. * * * In construing a complaint upon a motion to dismiss for failure to state a claim, we must presume all factual allegations of the complaint are true and make all reasonable inferences in favor of the nonmoving party. (Citations omitted.)
The single issue presented by this appeal is whether the preemption clause of Section 1144(a), Title 29, U.S. Code, is applicable to R.C. Chapter 2744, Ohio's sovereign immunity law. Appellant argues said preemption clause permits its subrogation claim against appellees even though appellees are covered under the immunity statutes. Appellant does not dispute the fact appellees enjoy the cloak of sovereign immunity but for the preemption clause. Section 1144(a), Title 29, U.S. Code, states as follows:
 Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title.
Section 1003(a), Title 29, U.S. Code, states as follows:
 Except as provided in subsection (b) of this section * * * this subchapter shall apply to any employee benefit plan if it is established or maintained —
 by any employer engaged in commerce or in any industry or activity affecting commerce; or
 by any employee organization or organizations representing employees engaged in commerce or in any industry or activity affecting commerce; or
by both.
In FMC Corp. v. Holliday (1990), 111 S.Ct. 403, 407, the Supreme Court of the United States upheld the expansive nature of the preemption clause wherein the court held "[i]t establishes as an area of exclusive federal concern the subject of every state law that `relates to' an employee benefit plan governed by ERISA." We do not disagree with this analysis, but find it is not germane to the issue sub judice.
R.C. Chapter 2744 contains the statutory language enacted by the Ohio General Assembly to protect political subdivisions from suit and liability as a result of tortious conduct by the political subdivision or its employees. Said chapter does nothing to any ERISA employee benefit plan nor does it "relate to" any employee benefit plan. By operation of the defense of sovereign immunity, appellant is precluded from recovery against appellees of moneys expended as a result of an ERISA plan. Appellant's right to pursue a subrogation claim is estopped by statute and appellant's right to manage an employee benefit plan is unaffected.
To pursue appellant's argument to the extreme would permit appellant to disregard all of Ohio's laws in the collection of its accounts i.e., statute of limitations. In addition, appellees correctly argue a subrogation claim by its very nature permits a subrogee to recover "subject to the limitations incident in the hands of the person from whom he takes." See, Appellees' Brief at 2. The subrogee does not acquire rights greater than the principle. The complaint failed to state a claim for relief wherein Mr. Klaiber could recover from appellees notwithstanding R.C. Chapter 2744.
Upon review, we find the trial court did not err in dismissing appellant's causes of action against appellees.
The sole assignment of error is denied.
The judgment of the Court of Common Pleas of Tuscarawas County, Ohio is affirmed.
By Farmer, J., Wise, P.J. and Gwin, J. concur.
______________________________
______________________________
 ______________________________ JUDGES
SGF/jp 0303
JUDGMENT ENTRY
CASE NO. 1998AP090104
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio is affirmed.
______________________________
______________________________
 ______________________________ JUDGES